**Amanda HAT, Plaintiff—Appellant,**

v.

**DEPOSITORS INSURANCE COMPANY, Defendant—Appellee.**

No. 07–16949.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 17, 2009.

Filed July 30, 2009.

Michael Jordan Dyer, Law Offices of Michael J. Dyer, Stockton, CA, for Plaintiff–Appellant.

Rene Gamboa, Esquire, Julian John Pardini, II, Esquire, Lewis Brisbois Bisgaard & Smith, LLP, San Francisco, CA, Barry Richard Levy, John F. Querio, Horvitz & Levy LLP, Encino, CA, for Defendant–Appellee.

Before: HALL, W. FLETCHER and PAEZ, Circuit Judges.

## MEMORANDUM *

In her bad faith action, Amanda Hat claimed that her insurer, Depositors Insurance Company ("Depositors"), breached its contractual obligation to act in good faith as it resolved her uninsured motorist claim. Depositors moved for summary judgment, and the district court granted the motion, finding no bad faith because a genuine dispute existed as to the amount owed and any delays were due to Hat's ongoing treatment for her injuries.[1] Hat appeals. We reverse and remand for further proceedings.

"An insurer denying or delaying the payment of policy benefits due to the existence of a genuine dispute with the insured ... as to the amount of the insured's coverage claim is not liable in bad faith." *Chateau Chamberay Homeowners Ass'n v. Assoc. Int'l Ins. Co.*, 90 Cal.App.4th 335, 108 Cal.Rptr.2d 776, 784 (Ct.App.2001).

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. As Depositors concedes, the district court's alternate holding that Depositors did not breach its obligations under the contract and therefore could not be found to have acted in bad faith was flawed. *See Schwartz v. State Farm Fire & Cas. Co.*, 88 Cal.App.4th 1329, 106 Cal.Rptr.2d 523, 531 (Ct.App.2001).

However, as the word "genuine" implies, the insurer's position must be "maintained in good faith and on reasonable grounds." *Wilson v. 21st Century Ins. Co.*, 42 Cal.4th 713, 68 Cal.Rptr.3d 746, 171 P.3d 1082, 1089 (2007). An insurer is not entitled to summary judgment where a jury could reasonably conclude that the insurer acted unreasonably. *See Amadeo v. Principal Mut. Life Ins. Co.*, 290 F.3d 1152, 1161–62 (9th Cir.2002).

Taking the facts in the light most favorable to Hat, we cannot conclude, as a matter of law, that Depositor's actions were reasonable throughout its review of Hat's claim for policy benefits. To the contrary, it would be reasonable for a jury to find no genuine dispute as to the claim amount in the period of apparent inactivity between August 2003 and November 2004, during which Depositors possessed all of Hat's medical records,[2] agreed that she had reached "maximum medical improvement" in June 2003, and agreed with Hat that this was a policy-limit case. Depositors's failure to respond to several of Hat's arbitration demands, its advice that she not retain an attorney, and its conduct of depositions also contribute to the totality of conduct that might reasonably be characterized as bad faith. *See id.* at 1088; *Waller v. Truck Ins. Exch., Inc.*, 11 Cal.4th 1, 44 Cal.Rptr.2d 370, 900 P.2d 619, 639 (1995) ("[D]elayed payment based on inadequate or tardy investigation, oppressive conduct by claims adjusters seeking to reduce the amounts legitimately payable and numerous other tactics may breach the implied covenant because they frustrate the insured's right to receive the benefits of the contract [promptly]."); Cal. Ins.Code § 790.03(h). The mere fact of an ultimate settlement between the policy limit Hat initially demanded and amount of Depositors's first offer does not suggest otherwise, given that parties settle for reasons that often have nothing to do with a claim's actual value. *Cf. Rappaport–Scott v. Interinsurance Exch. of the Automobile Club*, 146 Cal.App.4th 831, 53 Cal.Rptr.3d 245, 251 (Ct.App.2007) (finding a genuine dispute as a matter of law when there was a "vast difference" between the losses claimed by the insured and the actual losses as determined by an arbitrator). We thus reverse and remand for further proceedings on Hat's bad faith and breach of contract claims.

Because the district court found the intentional infliction of emotional distress and punitive damages issues moot in light of its holding as to bad faith, which we here reverse, we also reverse and remand so that the district court may decide these claims in the first instance.

This reversal also operates to reverse the taxation of costs undertaken pursuant to the judgment. *See Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir.1996).

REVERSED and REMANDED.

---

2. Though Depositors claims it waited to assess the impact of Hat's ongoing chiropractic treatment, the record only alludes to "occasional visits" after the initial treatment on January 12, 2004 and suggests Depositors did not even know about this limited treatment until May 18, 2005. Thus, Depositors cannot rely on the chiropractic treatment for their delay between August 2003 and November 2004, and the district court erred in attributing the delay to Hat.